NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYLINDA CRIDDELL, individually and on behalf of all others similarly situated<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PREMIER HEALTHCARE SERVICES, LLC,<br><br>　　　　　Defendant. | CASE NO. CV 16-5842-R<br><br>ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO CERTIFY CLASS |

Before the Court is Plaintiff's Motion for Class Certification and Conditional Collective Action Certification (Dkt. No. 26) which was filed on November 3, 2016. Having been thoroughly briefed by both parties, the Court took the matter under submission on November 28, 2016.

Premier provides in-home care for individuals with medical needs and difficulty performing activities of daily living. The individual patients receive personal assistance in their homes from Home Care Aides. Through a relationship with the California Department of Developmental Services, Premier provides various employment services for the Home Care Aides. Some of these services include background screening, payroll processing, and other human

1  resource services.  The parties dispute the amount of control and involvement Premier has with the
2  Home Care Aides beyond the previously mentioned services.  Plaintiff alleges on behalf of herself
3  and others similarly situated that Defendant violated the Fair Credit Reporting Act ("FCRA"),
4  various California employment statutes, and the Fair Labor Standards Act ("FLSA").  Plaintiff
5  seeks to certify two classes: (1) "The FCRA Class" and (2) "The California Statutory Claims
6  Class."  Additionally, Plaintiff requests conditional certification of "The FLSA Class."  Each
7  proposed class will be addressed in turn.

8  "Parties seeking class certification bear the burden of demonstrating that they have met
9  each of the four requirements of Federal Rule of Civil Procedure 23(a) and at least one of the
10 requirements of Rule 23(b)."  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir.
11 2001) (citation omitted).  Rule 23(a) requires that: (1) the class be so numerous that joinder of all
12 parties would be impracticable, (2) there are questions of law or fact common to the class, (3) the
13 claims of the class representative are typical of the overall class, and (4) the class representative
14 will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  Courts conduct
15 a rigorous analysis of each 23(a) factor and in order to do so, may assess merits issues to the
16 limited extent necessary to evaluate each factor.  *Ellis*, 657 F.3d at 980.  Once the Rule 23(a)
17 requirements are satisfied, the proposed class must meet one of the three requirements of Rule
18 23(b).

19 Plaintiff seeks class certification under Federal Rule of Civil Procedure 23(b)(3).  Rule
20 23(b)(3) requires that "questions of law or fact common to class members predominate over any
21 questions affecting only individual members" and that a "class action is superior to other available
22 methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  The
23 predominance test supports the goal of judicial economy implicit in the policy permitting class
24 action suits.  *See Zinser v. Accufix Research Inst.*, 253 F.3d 1180, 1189 (9th Cir. 2001).

25 **The FCRA Class**
26 Plaintiff alleges that Defendant violated the FCRA by procuring consumer reports for
27 employment purposes without making proper disclosures to prospective employees.  Specifically,
28 Plaintiff alleges that Defendant violated §§ 1681b(b)(2)(A)(i)-(ii) by failing to provide a valid

1 stand-alone authorization form. The relevant provisions of the FCRA provide:

2  (A) Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless:
   (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
   (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

7 Finally, to warrant damages, a violation of the FCRA must be willful. 15 U.S.C. § 1681n(a).

8  First, the Court will address the standing arguments Defendant raised in opposition to the certification of the FCRA Class. Defendant argues that Plaintiff and putative class members have failed to allege sufficient injury to confer standing. Defendant contends that merely failing to give a stand-alone authorization is not an injury-in-fact without a more substantial, concrete harm. The Ninth Circuit has recently rejected that very argument. In *Syed v. M-I, LLC*, the Ninth Circuit held that the disclosure requirement "creates a right to information" while the authorization requirement "creates a right to privacy." -- F.3d --, 2017 WL 242559 at *4 (9th Cir. 2017). Therefore, by alleging a violation of the stand-alone authorization requirement, the Plaintiff alleged a concrete injury sufficient to create standing. *Id.*

 Plaintiff alleges that approximately 400 individuals held the same job over the last two years and therefore completed the same background check authorization form as Plaintiff. There is no magic number for numerosity, but 400 is sufficiently numerous to justify class treatment.

 The main inquiry as to commonality "is not the raising of common questions—even in droves—but rather, the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (citations omitted). While a court must conduct a rigorous analysis of the commonality requirement, it is not as rigorous as the inquiry into predominance under 23(b)(3). Here, Plaintiff alleges that the case raises common legal questions, namely, whether the background check authorization form provided to Home Care Aides by Defendant violates the stand-alone disclosure requirement of the FCRA. Plaintiff has presented deposition testimony by Defendant's corporate representative who testified that all the Home Care Aides received the same form. Therefore, a

determination of the compliance of such a form with the FCRA would generate a common answer likely to drive the resolution of this litigation. Accordingly, the proposed class satisfies the commonality requirement.

"The test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1994) (citations omitted). Here, the other members of the class allegedly suffered the same injury of receiving a disclosure document with more than the stand-alone disclosure required by the FCRA. Given that all of the putative class members received the same form which underlies their FCRA claim, Plaintiff's claim is typical of the other class members.

"The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods, Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (citation omitted). There is no evidence of a conflict of interest between the named party and members of the putative class. Additionally, Plaintiff's counsel is experienced in litigating class actions. Therefore, the putative class satisfies the adequacy requirement.

Courts typically examine various factors as part of the predominance inquiry, including: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3). "If the main issues in a case require the separate adjudication of each class member's individual claim or defense, a Rule 23(b)(3) action would be inappropriate . . . Moreover, when individual rather than common issues predominate, the economy and efficiency of class action treatment are lost and the need for judicial supervision and the risk of confusion are magnified." *Zinser*, 253 F.3d at 1189.

Here, Plaintiff has shown that issues common to the class predominate over issues individual to each putative class member. The primary issue in the FCRA claim is the legality of the background check authorization form. Defendant's representative testified that each employee

signed the same background authorization check form. Therefore, a single determination as to the legality of that form will decide whether it violated § 1681b(b)(2)(i) as to each member of the class. There are no individual issues relevant to the inquiry. Each employee signed the same form, therefore no individual inquiries are required as to the contents of each background check authorization form. Finally, evidence of Defendant's willfulness is not subject to individual inquiries either. The Defendant had a company policy of using the background check authorization form at issue. The company's decision related to those forms will be dispositive as to its willfulness for each putative class member's alleged FCRA claim.

Defendant raises no argument related to predominance in its Opposition, but it contends that Plaintiff and putative class members were not employees of Defendant. Even if that is true, it would not affect the FCRA Class analysis. Plaintiff's status as an employee has no relevance to the determination of the legality of Defendant's background check authorization form. There is no requirement in the FCRA that a plaintiff be an employee of the defendant to maintain a cause of action for violation of the stand alone authorization requirement. Nor does employee status impact the Rule 23 class certification analysis for this claim.

Accordingly, Plaintiff has satisfied the requirements of Rule 23(a) and Rule 23(b)(3). The Motion for Class Certification is granted as it relates to the FCRA Class.

**The California Statutory Claims Class**

Plaintiff seeks to certify a class for her third, fourth, fifth, and sixth claims (jointly the "California Statutory Claims") of the FAC. The second cause of action alleges a claim for failure to furnish timely or accurate wage statements in violation of California Labor Code § 226 and the fourth cause of action alleges a claim for failure to reimburse business expenses in violation of California Labor Code § 2802. The fifth and sixth causes of action, which are derivative of claims three and four, allege claims for unlawful business practices under California Business and Professions Code § 17200 *et seq*. and the Private Attorneys General Act. The Court will jointly analyze the class certification standard as it relates to all four causes of action given the common underlying violations.

Plaintiff argues that all proposed class members would share the following common

5

1  questions of law or fact: (1) whether class members were employees of Defendant, (2) whether
2  Defendant provided class members with accurate wage statements, (3) whether Defendant failed
3  to reimburse class members for vehicle costs, (4) whether Defendant's failure to reimburse the
4  class for the vehicle costs violates California Labor Code § 2802, and (5) whether Defendant
5  obtained benefits from the aforementioned conduct.

6  Here, Plaintiff has failed to allege sufficient commonality between her issues and those of
7  the putative class members. "Commonality requires the plaintiff to demonstrate that the class
8  members 'have suffered the same injury.' This does not mean merely that they have all suffered
9  violation of the same provision of law. . . . Quite obviously, the mere claim by employees of the
10 same company that they have suffered a [wage statement] injury . . . gives no cause to believe that
11 all their claims can productively be litigated at once." *Dukes*, 564 U.S. at 349-350. Plaintiff has
12 raised precisely the type of 'common' questions that the Supreme Court rejected in *Dukes*. Merely
13 claiming that class members have been injured by a violation of the same law, without more, is
14 insufficient to satisfy the commonality standard of Rule 23. Whether Defendant's failure to
15 reimburse the class for vehicle costs and whether class members are employees of Defendant are
16 questions which are in fact common to all putative class members, but they do not "generate
17 common answers apt to drive the resolution of the litigation," *Id.* Even if these questions were
18 sufficient to satisfy the standard of Rule 23(a)(2), the Motion for Class Certification should also be
19 denied for its failure to establish predominance.

20 Under the more rigorous analysis required for Rule 23(b)(3), Plaintiff fails to show that her
21 common questions predominate over individual issues. First, the so-called common questions she
22 identifies cannot be answered without resort to individualized proof for each class member.
23 Employee status will be determined primarily by analyzing the level of control Defendant
24 exercised over the class member. *See S.G. Borello & Sons, Inc. v. Dept. of Indus. Rel.*, 48 Cal.3d
25 341, 354 (1989). The putative class members served individual patients. The Defendant is not
26 that patient. The Defendant allegedly provides services and guidance to the class member.
27 However, each relationship between class member, patient, and Defendant could vary. One
28 patient may require more attention than another making the role of Defendant smaller in that

1 particular employment arrangement.  One patient may desire more control over their Home Care
2 Aide than another thereby requiring less control by Defendant.  These individualized relationships
3 would have to be examined in order to determine the level of control exercised by Defendant over
4 a particular class member and resolve the employment status issue.

5 The same individualized inquiries are required of the remaining two questions which
6 Plaintiff claims predominate.  The number of hours worked, the rate paid, and the amounts listed
7 on pay stubs are all individualized inquiries.  Class members will have to show how many hours
8 they actually worked, what their pay stubs showed, and what their pay rate calculates to be.
9 Similarly, Plaintiff argues that Defendant has no policy regarding vehicle reimbursements.  A lack
10 of a policy regarding vehicle reimbursements indicates that such decisions were handled on a case-
11 by-case basis rather than one predominating policy.  Additionally, the determination of liability
12 will require numerous individualized inquiries.  For example, was the class member required to
13 drive in order to discharge her duties?  Was the class member driving at the behest of Defendant?
14 Was the class member reimbursed for her vehicle costs?  The simplistic questions raised by
15 Plaintiff fail to predominate over the individual issues which must be addressed in order to answer
16 them.  Therefore, Plaintiff has failed to show that common issues predominate over individual
17 issues.  Accordingly, the Motion for Class Certification is denied as it relates to the proposed
18 California Statutory Claims Class.

19 **The FLSA Class**

20 The FLSA prohibits an employer from failing to pay an employee overtime pay.  29 U.S.C.
21 § 207.  An employee who has not been paid overtime may bring a collective action against her
22 employer on behalf of herself and other employees who are "similarly situated."  *Id.* at § 216(b).
23 Courts generally use a two-step approach to determine whether a proposed class is "similarly
24 situated" to the named plaintiff.  *Misra v. Decision One Mortg. Co., LLC*, 673 F. Supp. 2d 987,
25 992-93 (C.D. Cal. 2008).  In the first step, a court determines, based on the affidavits and
26 pleadings, whether the Plaintiff and proposed plaintiffs "together were victims of a common
27 policy or plan that violated the law."  *Id.* at 993 (quotations and citations omitted).  If the plaintiff
28 has modest factual support for such a finding, then the court should grant preliminary certification

1  and allow notification of potential class members.  Then, the second step takes place after
2  discovery at which point the defendant may move to decertify the class.  *Id.* at 993.
3       Plaintiff has met the lenient standard for preliminary certification.  For support of her claim
4  that Defendant failed to pay overtime wages, Plaintiff cites deposition testimony of Defendant's
5  corporate representative that the overtime pay policy was not enacted until in November.  Plaintiff
6  alleges that overtime pay should have begun in mid-October of the same year.  This testimony
7  indicates that potential plaintiffs together were victims of a common policy that violated the law
8  by failing to pay overtime wages when legally required to do so.  Therefore, the Motion is granted
9  as it relates to the conditional certification of Plaintiff's proposed FLSA Class.
10      **IT IS HEREBY ORDERED** that Plaintiff's Motion to Certify Class is GRANTED as to
11 the FCRA Class and the FLSA Class and DENIED as to the California Statutory Claims Class.
12 (Dkt. No. 26).

14 Dated: February 9, 2017

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE